Harper, J.
With respect to the defendant’s first ground of appeal, we concur with the Chancellor, that trustees of estates for the support of minors “ shall not exceed in expenditure the amount of the income, so as to charge the capital of the estate.” In some cases, however, of manifest necessity, this has .been authorized by the Court, and when done by a trustee in such a case as the Court would have authorized, has been subsequently sanctioned. But the defendant is not entitled to the privileges of a trustee; he must be regarded in some degree as a wrong doer. We gather from the Commissioner’s report, that up to 1826, the defendant acted as the agent of the complainant, in the management of the estate, and accounted to him for the crops, but after that year refused or neglected to account. He has thus left complainant responsible for the management of the estate, though he has excluded him from the *control of it, and when he might have relieved him of that responsibility, by qualifying as an executor himself. He has besides, though reported to be industrious and frugal, managed badly. If managed properly, the property would in all probability have supported the family from the income. ' This is a sufficient reason to prevent the defendant’s breaking in upon the capital.
We cannot discharge the complainant of his office of executor. This Court changes other trustees upon proper cause shown ; but this has never been done in the instance of an executor. Nor do we perceive that we can compel the defendant to give security. He might be restrained from meddling with the management of the estate, and be compelled to give up the control of it to the complainant; but this is not what the complainant desires, and it would be extremely inconvenient. The family are to be supported by the estate, they must live on the land and have the services of the slaves, and it is a matter of almost absolute necessity, that these should be in some degree under the control of the defendant, the head of the family.
What we can do, however, is to confirm the decree of the Chancellor, that no balance shall be struck in his favor, and further to decree that until the defendant shall think proper to qualify as executor, he shall account annually before the Commissioner; that in no instance shall any balance be struck in his favor, nor shall any thing be allowed for his personal services. The decree of the Chancellor is modified accordingly.
Johnson and O’Neall, Js. concurred.